UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEXTER ROGERS, *Individually and as Personal Representative of the estate of* **Carrie Bell Rogers,** *estate of* **Premius Rogers,** | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:16-cv-00364-TLS-SLC |
| **INDIANA SUPREME COURT,** *et al.*, | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a "Motion to Disqualify Attorney Generals' Office from Representing the Defendants Stemming from Conflict of Interest" (DE 45) filed on January 13, 2017, by pro se Plaintiff Dexter Rogers, individually and as personal representative of the estate of Carrie Bell Rogers and the estate of Premius Rogers ("Rogers"). In the motion, Rogers seeks to disqualify the Indiana Attorney General's Office (the "IAG's Office") and Deputy Attorney General Benjamin Jones, counsel to Defendants Indiana Supreme Court, Justice Loretta H. Rush, Justice Robert D. Rucker, Justice Stephen H. David, Justice Mark Massa, and Justice Geoffrey G. Slaughter (collectively, the "State Defendants"), due to a purported conflict of interest.[1] The State Defendants filed a response to the motion on January 27, 2017 (DE 47), and Rogers filed a reply on February 1, 2017 (DE 48).

For the following reasons, Rogers's motion to disqualify will be DENIED.

---

[1] Rogers does not specifically seek to disqualify Deputy Attorney General William Brainard, but it is presumed Brainard is included in the motion.

*A. Factual and Procedural Background*

On October 17, 2016, Rogers filed this case against Defendants Parkview Hospital, Inc. ("Parkview"); John Whiteleather, Jr., chairman of the medical review panel established pursuant to the Indiana Medical Malpractice Act; and the State Defendants, alleging various violations of his civil rights stemming from a medical malpractice case that he advanced against Parkview and certain medical professionals in state court. (DE 1). This is the second of three federal cases that Rogers has filed concerning various defendants' actions or inactions in connection with his state case. *See Rogers v. Allen Cty. Superior Court*, No. 1:16-cv-40 (N.D. Ind. filed Jan. 28, 2016); *Rogers v. Office of the Attorney Gen.*, No. 1:16-cv-429 (N.D. Ind. filed Dec. 21, 2016).

As Rogers sees it, Jones and the IAG's Office must be disqualified from representing the State Defendants in this action due to a purported conflict of interest arising from Attorney Kelly Paulter's previous representation of the medical professional defendants in his state case. (DE 45 ¶¶ 5-10). Paulter, who has not appeared in this action, joined the IAG's Office as an Deputy Attorney General for the Civil Litigation Section and purportedly was involved in case management there. (DE 45 ¶¶ 8, 12). Paulter, however, is no longer employed by the IAG's Office. (DE 45 ¶ 8).

Rogers alleges that Paulter was inadvertently provided information about the status of his state case during her employment as a Deputy Attorney General. (DE 45 ¶¶ 13, 22). Rogers posits that Paulter shared this information with Jones, because Paulter and Jones have litigated some cases together during their tenure at the IAG's Office. (DE 45 ¶¶ 12, 13). Rogers contends that Jones and the IAG's Office failed to properly screen Paulter from this case. (DE 45 ¶¶ 15, 22, 24-27). Consequently, as Rogers sees it, Paulter had a conflict of interest in this

action imputable to Jones and the IAG's Office, necessitating their disqualification. (DE 45 ¶¶ 30, 31).

Rogers additionally contends that a conflict of interest exists because he filed a consumer complaint against Parkview with the IAG's Office in November 2014. (DE 45 ¶ 2). As noted earlier, Rogers has also recently filed a lawsuit against the IAG.

On this backdrop, Rogers asks the Court to disqualify Jones and the IAG's Office from this action.

*B. Legal Framework*

Pursuant to Local Rule 83-5(e), the Northern District of Indiana has adopted the Indiana Rules of Professional Conduct and the Seventh Circuit Standards of Professional Conduct as the standard of professional conduct in this Court. *See* N.D. Ind. L.R. 83-5(e). The following rules are relevant to Rogers's motion: Indiana Rules of Professional Conduct 1.7 (conflicts of interest: current clients); 1.9 (conflicts of interest: former clients); 1.10 (imputation of conflicts of interest); and 1.11 (special conflicts of interest for former and current government officers and employees).

"The disqualification of an attorney is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 2d 885, 890 (S.D. Ind. 2014) (quoting *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993)). "Accordingly, motions to disqualify are treated with 'extreme caution.'" *Id*. (quoting *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982)). "Caution is warranted both because disqualification motions 'can be misused as techniques of harassment,' and because the consequences of disqualification are so grave—'destroy[ing] a relationship by depriving a party

3

of representation of their own choosing.'" *Id*. (alteration in original) (quoting *Freeman*, 689 F.2d at 722). "[T]he moving party bears the burden of concretely establishing the necessity of disqualification." *Id*. at 891 (citation omitted).

## C. Discussion

As a threshold matter, "[t]he general rule accepted by most federal jurisdictions is that only a current or former client has standing to seek disqualification of an attorney from a matter pending before a court." *Id.* (citing *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976) (collecting cases); *Tizes v. Curico*, No. 94 C 7657, 1997 WL 116797, at *2 (N.D. Ill. Mar. 12, 1997)). Although the rule is not absolute,[2] "courts in this circuit have made clear that the interests protected by Rule 1.7 are the crux of the standing issue." *Id.* at 892. As such, "the proper party to raise the conflict of interest issue, in a motion to disqualify counsel, is the party that [Rule 1.7] was intended to protect—the client or the former client." *Id*. (alteration in original) (quoting *Tizes*, 1997 WL 116797, at *2); *see also Perkins v. Cook Cty.*, No. 09 C 4930, 2010 WL 747570, at *2 (N.D. Ill. Mar. 2, 2010).

Here, Rogers is not a former or current client of Paulter, Jones, or the IAG's Office. Rather, the current clients of Jones and the IAG's Office are the State Defendants, and Paulter's former clients are the medical professionals she defended in the state court case. As such, the

---

[2] "The Seventh Circuit has not staked out a clear position on the issue of standing to bring disqualification motions." *Id.* Several district courts from the Southern District of Indiana have concluded that opposing counsel may properly raise the question where the conflict "was sufficiently grave to undermine the court's inherent interest in preserving 'the fair or efficient administration of justice.'" *Id*. at 892 (quoting *Emmis Operating Co. v. CBS Radio, Inc.*, 480 F. Supp. 2d 1111, 1116 (S.D. Ind. 2007) (citing *Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-cv-137, 2010 WL 1381893, at *1 n.1 (S.D. Ind. Mar. 31, 2010)). Several district courts from the Northern District of Illinois have concluded the same where the conflict "is such as clearly to call in question the fair or efficient administration of justice." *Id.* (citing *Blanchard v. EdgeMark Fin. Corp.*, 175 F.R.D. 293, 306 (N.D. Ill. 1997); *Tizes*, 1997 WL 116797, at *2; *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1995 WL 319635, at *1 (N.D. Ill. May 25, 1995)).

State Defendants and the medical professionals are the parties that have standing to seek disqualification, not Rogers. Generally, "an adversary party lies outside the protective scope of the conflict rules, and thus lacks standing to bring a disqualification motion." *Mills*, 992 F. Supp. 2d at 892 (citing *In re Sandahl*, 980 F.2d 1118, 1121 (7th Cir. 1992); *Blanchard*, 175 F.R.D. at 306).

In any event, regardless of the standing issue, Rogers has not shown that an actual conflict of interest exists in this matter. To explain, Rule 1.7(a) provides in relevant part:

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Ind. Rule of Professional Conduct 1.7(a). To reiterate, Rogers has not shown that he has ever been a client of Paulter's. Nor has he shown that he is "a third person" to whom Paulter owed responsibilities contemplated by Rule 1.7, "such as fiduciary duties arising from a lawyer's service as a trustee, executor or corporate director." Ind. Rule of Professional Conduct 1.7 cmt. 9.

Furthermore, the fact that Rogers submitted a consumer complaint about Parkview to the IAG's Consumer Protection Division does not make him a client of the IAG's Office to create a conflict of interest under Rule 1.7. The IAG's Office prosecutes and defends all suits by or against the State of Indiana. Ind. Code § 4-6-2-1(a). The website of the Consumer Protection Division specifically informs a consumer filing a consumer complaint that the Attorney General cannot act as his or her private attorney and that the consumer should seek legal advice from a private attorney. *See* http://www.in.gov/attorneygeneral/2434.htm (last visited Mar. 3, 2017).

Thus, the fact that Rogers submitted a consumer complaint to another division of the IAG's Office does not give rise to an attorney-client relationship.

Nor does the fact that Rogers has sued the IAG's Office give rise to a conflict of interest under Rules 1.7 or 1.9. Rogers's recent lawsuit makes him an adversary to the IAG's office, not its current or former client.

Rogers did allude to one rule that was applicable during Paulter's employment with the IAG. Rule 1.11(d) provides:

> A lawyer currently serving as a public officer or employee:
> (1) is subject to Rules 1.7 and 1.9; and
> (2) shall not:
> (i) participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless the appropriate governmental agency gives its informed consent, confirmed in writing . . . .

Ind. Rule of Professional Conduct 1.11(d). Here, Rogers merely speculates that Paulter has participated in this case; however, he has provided no evidence to suggest that is the case. And even if Paulter did participate in this case, such a conflict would be waivable by the governmental agency pursuant to Rule 1.11(d)(2)(i). In any event, Paulter has now left the IAG's Office, so this rule is no longer applicable.

Moreover, contrary to Rogers's assertions, any conflict of interest Paulter may have had under Rule 1.11(d) is not imputable to Jones and the IAG's Office. Comment 2 to Rule 1.11 specifically provides that Rule 1.10, which imputes a lawyer's conflict of interest to his or her law firm, is not applicable to the conflicts of interest addressed by Rule 1.11(d). Ind. Rule Professional Conduct 1.11 cmt. 2 ("Because of the special problems raised by imputation within a government agency, paragraph (d) does not impute the conflicts of a lawyer currently serving as

6

an officer or employee of the government to other associated government officers or employees, although ordinarily it will be prudent to screen such lawyers."). Consequently, Rogers's assertion that Jones and the IAG's Office must be disqualified under Rule 1.10 based on Paulter's alleged conflict of interest under Rule 1.11 is without basis.

As a final matter, Rogers's claim that Paulter has a conflict because she was sent information about the status of his state case after she joined the IAG's Office also is not grounds for disqualification. Rogers does not suggest that any information that Paulter was sent was not publicly available. Paulter's receipt of information that is publicly available does not create a conflict of interest under the Indiana Rules of Professional Conduct.

To reiterate, disqualification is a "drastic measure" that the Court will impose only when absolutely necessary. *Mills*, 992 F. Supp. 2d at 890. Here, Rogers has failed to carry his burden of concretely establishing a need to disqualify Jones and the IAG's Office. Consequently, his motion to disqualify will be DENIED.

*D. Conclusion*

For the foregoing reasons, Rogers's "Motion to Disqualify Attorney General's Office from Representing the Defendants Stemming from Conflict of Interest" (DE 45) is DENIED.

SO ORDERED.

Entered this 7th day of March 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge