UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DEXTER ROGERS, Individually and as Personal Representative of the ESTATE OF CARRIE BELL ROGERS and as Personal Representative of the ESTATE OF PREMIUS ROGERS, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:16-CV-364-TLS |
| INDIANA SUPREME COURT, JUSTICE LORETTA H. RUSH, JUSTICE ROBERT D. RUCKER, JUSTICE STEPHEN H. DAVID, JUSTICE MARK MASSA JUSTICE GEOFFREY G. SLAUGHTER PARKVIEW HOSPITAL INC., JOHN WHITELEATHER, JR., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 20], filed by Defendant Parkview Hospital, Inc. The pro se Plaintiff, Dexter Rogers, Individually and as Personal Representative of the Estate of Carrie Bell Rogers, and as Personal Representative of the Estate of Premius Rogers, filed his Complaint [ECF No. 1] on October 17, 2016, against the Defendant, John Whiteleather, Jr., chairman of the medical review panel, and all five justices of the Indiana Supreme Court, where he pursued a motion to transfer that was denied in a medical malpractice claim in the Allen County Superior Court. The Plaintiff's Complaint invokes Title VI of the Civil Rights Act of 1962, 42 U.S.C. § 2000d *et seq.* as the grounds for relief. The statute provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be

1

excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

For the reasons stated in this Opinion and Order, the Court finds that the Plaintiff's claims against Parkview are barred because of the *Rooker-Feldman* doctrine, and because his Complaint does not state a claim upon which relief can be granted.

## STANDARD OF REVIEW

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by lawyers, *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), the factual allegations in the complaint must be enough to raise a right to relief above a speculative level, *Twombly*, 550 U.S. at 555. A plaintiff can also plead himself out of court if his allegations clearly establish all the elements of an affirmative defense, including the defense that the action was filed after the statute of limitations period expired. *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014); *see also Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing exception to the rule that complaints do not have to anticipate affirmative defenses to survive a motion to dismiss where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"); *Tregenza v. Great Am. Comm'ns Co.*, 12 F.3d 717, 718 (7th

2

Cir. 1993) (noting that even though a plaintiff is not required to a negate statute of limitations affirmative defense in his complaint, "if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court").

Rule 12(b) requires that a court treat motions to dismiss as one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). Despite the language of Rule 12(b), the court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). A court may also consider facts alleged in a pro se plaintiff's brief in opposition to a motion to dismiss when considering the sufficiency of the complaint, as long as the facts are "consistent with the allegations in the complaint." *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015); *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

**COMPLAINT ALLEGATIONS**

The Plaintiff's mother, Carrie Bell Rogers, died on August 23, 2011. (Comp. ¶ 9; ECF No. 1.) The Plaintiff filed a claim with the Indiana Department of Insurance, as required by Indiana's Medical Malpractice Act, on June 25, 2013. (*Id.* ¶ 10.) The Plaintiff claims that Parkview was negligent in its care of his mother, resulting in her death. The Plaintiff also alleges that Parkview violated Title VI when Parkview allegedly denied care and treatment to his mother while she was a patient of the hospital. The Plaintiff alleges that the care she received was inferior to the care that white patients in similar circumstances received. (*Id.*)

A discovery dispute arose between the Plaintiff and Parkview in the state court proceedings, which led the Plaintiff to file a motion to compel. (*Id.* ¶ 10–12.) The Allen County

Superior Court granted the Plaintiff's motion and ordered Parkview to produce certain documents and make available its CEO, Michael Packnett, for a discovery deposition. (*Id.* Ex. A 88–89.) Parkview did not produce its CEO, incurred sanctions, and then appealed the Allen County Superior Court's decision to the Indiana Court of Appeals. (*Id.* ¶ 13.)

The Indiana Court of Appeals reversed the Allen Superior Court's decision and found that the Plaintiff's requested discovery deposition was outside the scope of Indiana Trial Rule 26.[1] (*Id.* ¶ 13.) The Plaintiff claims that the Defendant failed to justify its refusal to produce its CEO for a deposition. The Plaintiff also claims that the Court of Appeal's decision was erroneous and violated his due process rights. (*Id.* ¶ 34.)

The Plaintiff then filed a petition to transfer, which the Indiana Supreme Court denied. (*Id.* ¶¶ 13, 34.) The Plaintiff alleges that the Indiana Supreme Court should have granted his petition to transfer, and that its failure to do so violated the Plaintiff's due process rights. (*Id.* ¶ 34.) After the Indiana Supreme Court denied the transfer, counsel for Parkview contacted Whiteleather, whom the parties had selected as chairman of the medical review panel that was to review the Plaintiff's claim, and ask him to set a schedule for evidentiary submissions to the medical review panel. (*Id.* ¶ 46.) The Plaintiff claims he was not ready to proceed to the panel based on the Court of Appeals' decision holding that the Plaintiff was not entitled to the discovery sought. (*Id.* ¶¶ 48–49.) The Plaintiff claims that Whiteleather attempted to move the panel proceedings forward because the Plaintiff is African-American and Parkview's counsel in the state court proceedings is white. (*Id.* ¶ 49.)

---

[1] The Plaintiff has also filed a suit against various judges of the Allen County Superior Court and Parkview Hospital, Inc. That case was dismissed on March 27, 2017 (1:16-CV-40-TLS-SLC).

The Plaintiff asks the Court to issue a judgment declaring that the acts of the Defendants were unlawful and unconstitutional, award him damages, restrain the Defendants from violating the Plaintiff's constitutional rights, and issue a preliminary injunction. (*Id.* 21.)

**ANALYSIS**

Parkview argues several theories to dispose of the case. Parkview first argues that the Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Under the doctrine, this Court does not have jurisdiction to review or reverse orders issued in state court or state administrative proceedings. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002). In essence, the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* "[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). A federal court is free to entertain claims that are independent of any state court proceedings. *Gilbert*, 591 F.3d at 900.

The Defendant argues that the Plaintiff's Complaint is nothing more than a de facto appeal in federal court of the state court proceedings that this Court cannot address. The Defendant also argues that the Court cannot grant relief for unambiguous damages for injuries allegedly caused by a state court. The Plaintiff asserts this Court has jurisdiction by generally invoking Article III of the Constitution.

The Court cannot discern any independent claims from the Plaintiff's Complaint—at least not any that give fair notice of what the claim is and the grounds upon which it rests—that would provide a jurisdictional basis independent of redressing the outcome of the state court

proceedings. "There is no recognized civil cause of action for the failure or refusal of a party to provide discovery." *Marozsan v. United States*, 849 F. Supp. 617, 645 (N.D. Ind. 1994). Accordingly, because the Plaintiff's claims are barred under the *Rooker-Feldman* doctrine, the Court dismisses the Complaint for failure to state a claim against Parkview.

Even if the Plaintiff's claims were not barred under the *Rooker-Feldman* doctrine, the Plaintiff's claims against Parkview would also be barred because the Plaintiff has not sufficiently pled his Complaint. The Plaintiff has brought the Complaint under Title VI, which provides in relevant part that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" covered by Title VI. *See* 42 U.S.C. § 2000d. Title VI "prohibits only intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). To establish the elements of a prima facie case under Title VI, "a complaining party must demonstrate that [his] race, color, or national origin was the motive for the discriminatory conduct." *C.S. v. Couch*, 843 F. Supp. 2d 894, 915 (N.D. Ind. 2011) (quoting *Thompson v. Bd. of the Special Sch. Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998)).

The Plaintiff alleges that Parkview's actions were racially motivated when it sought reversal of the Plaintiff's discovery request to have its CEO deposed. The Complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Kolbe & Kolbe Health & Wealthfare Benefit Plan v. Med. Coll. of Wis. Inc.*, 657 F.3d 496, 502 (7th Cir. 2011). But, even with the relaxed standards that apply to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Complaint does not set forth factual allegations that raise the Plaintiff's right to relief above the speculative level. The Plaintiff's allegations of Parkview's discriminatory intent alone are as insufficient. "The complaint needs to allege some

facts tending to support a plausible inference" that Parkview acted with a discriminatory intent. *McReynolds v. Merrill Lynch*, 694 F.3d 873, 887 (7th Cir. 2012). Here, the Plaintiff makes an unsupported and speculative leap, alleging that Parkview took actions regarding discovery procedures because of an alleged racial animus towards him. The Indiana Court of Appeal's decision finding that Parkview was not required to produce its CEO for a deposition is strong evidence that Parkview refused to produce its CEO for legitimate objections under Indiana discovery rules, and not because of racial animus.

Accordingly, the Court finds that the Plaintiff's claims against Parkview are barred because of the *Rooker-Feldman* doctrine and because the Complaint does not state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, the Court GRANTS Parkview Hospital, Inc.'s Motion to Dismiss [ECF No. 20].

SO ORDERED on May 17, 2017.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT