# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

DEXTER ROGERS, Individually and as )
Personal Representative of the )
ESTATE OF CARRIE BELL ROGERS )
and as Personal Representative of the )
ESTATE OF PREMIUS ROGERS, )
                                    )
       Plaintiff, )
                                    )
       v. )          CAUSE NO.: 1:16-CV-364-TLS
                                    )
INDIANA SUPREME COURT, )
JUSTICE LORETTA H. RUSH, )
JUSTICE ROBERT D. RUCKER, )
JUSTICE STEPHEN H. DAVID, )
JUSTICE MARK MASSA )
JUSTICE GEOFFREY G. SLAUGHTER )
PARKVIEW HOSPITAL INC., )
JOHN WHITELEATHER, JR., )
                                    )
       Defendants. )

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss [ECF No. 28], filed by Defendant

John Whiteleather, Jr. The pro se Plaintiff, Dexter Rogers, Individually and as Personal

Representative of the Estate of Carrie Bell Rogers, and as Personal Representative of the Estate

of Premius Rogers, filed his Complaint [ECF No. 1] on October 17, 2016, against Parkview

Hospital, Inc. (Parkview), a defendant in an underlying medical malpractice claim filed in the

Allen County Superior Court, Whiteleather, chairman of the medical review panel in the

underlying proceeding, and all five justices of the Indiana Supreme Court, where the Plaintiff

pursued a motion to transfer in the underlying proceeding that was denied. The Plaintiff's

Complaint invokes Title VI of the Civil Rights Act of 1962, 42 U.S.C. § 2000d *et seq.* as the

grounds for relief. The statute provides that "[n]o person in the United States shall, on the ground

of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

For the reasons stated in this Opinion and Order, the Court finds that the Plaintiff's claims against Whiteleather are barred because of the *Rooker-Feldman* doctrine, Whiteleather is absolutely immune, and the Complaint does not state a claim upon which relief can be granted.

## STANDARD OF REVIEW

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by lawyers, *Luevano v. Wal–Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013), the factual allegations in the complaint must be enough to raise a right to relief above a speculative level, *Twombly*, 550 U.S. at 555. Rule 12(b) requires that a court treat motions to dismiss as one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). Despite the language of Rule 12(b), the court may also take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)). A court may also consider facts alleged in a pro se plaintiff's brief in opposition to a motion to dismiss when considering the sufficiency of the complaint, as long as the facts are "consistent with the allegations in the complaint." *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015); *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

## COMPLAINT ALLEGATIONS

The Plaintiff's mother, Carrie Bell Rogers, was a patient at Parkview and died on August 23, 2011. (Comp. ¶ 9; ECF No. 1.) The Plaintiff filed a claim with the Indiana Department of Insurance, as required by Indiana's Medical Malpractice Act, on June 25, 2013. (*Id.* ¶ 10.) The Plaintiff claims that Parkview was negligent in its care of his mother, resulting in her death. The Plaintiff also alleges that Parkview violated Title VI when Parkview allegedly denied care and treatment to his mother while she was a patient of the hospital. The Plaintiff alleges that the care his mother received was inferior to the care that white patients in similar circumstances received. (*Id.*)

A discovery dispute arose between the Plaintiff and Parkview in the state court proceedings, which led the Plaintiff to file a motion to compel. (*Id.* ¶ 10–12.) The Allen County Superior Court granted the Plaintiff's motion and ordered Parkview to produce certain documents and make available its CEO, Michael Packnett, for a discovery deposition. (*Id.* Ex. A 88–89.) Parkview did not produce its CEO, incurred sanctions, and then appealed the Allen County Superior Court's decision to the Indiana Court of Appeals. (*Id.* ¶ 13.)

The Indiana Court of Appeals reversed the Allen Superior Court's decision and found that the Plaintiff's requested discovery deposition was outside the scope of Indiana Trial Rule 26.[1] (*Id.*) The Plaintiff claims that the Defendant failed to justify its refusal to produce its CEO for a deposition. The Plaintiff also claims that the Court of Appeal's decision was erroneous and violated his due process rights. (*Id.* ¶ 34.)

---

[1] The Plaintiff has also filed a suit against various judges of the Allen County Superior Court and Parkview Hospital, Inc. That case was dismissed on March 27, 2017 (1:16-CV-40-TLS-SLC).

The Plaintiff then filed a petition to transfer, which the Indiana Supreme Court denied. (*Id.* ¶¶ 13, 34.) The Plaintiff alleges that the Indiana Supreme Court should have granted his petition to transfer, and that its failure to do so violated the Plaintiff's due process rights. (*Id.* ¶ 34.) After the Indiana Supreme Court denied the transfer, counsel for Parkview contacted Whiteleather, whom the parties had selected as chairman of the medical review panel that was to review the Plaintiff's claim, and asked him to set a schedule for evidentiary submissions to the medical review panel. (*Id.* ¶ 46.) The Plaintiff claims he was not ready to proceed to the panel based on the Court of Appeals' decision holding that the Plaintiff was not entitled to the discovery he sought. (*Id.* ¶¶ 48–49.) The Plaintiff claims that Whiteleather attempted to move the panel proceedings forward because the Plaintiff is African-American and Parkview's counsel in the state court proceedings is white. (*Id.* ¶ 49.)

The Plaintiff asks the Court to issue a judgment declaring that the acts of the Defendants were unlawful and unconstitutional, award him damages, restrain the Defendants from violating the Plaintiff's constitutional rights, and issue a preliminary injunction. (*Id.* 21.)

**ANALYSIS**

First, the Court sua sponte will determine whether the Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Under the doctrine, this Court does not have jurisdiction to review or reverse orders issued in state court or state administrative proceedings. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002). In essence, the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Id.* "[A] plaintiff may not seek a reversal of a state court judgment simply by

casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th

Cir. 1993). A federal court is free to entertain claims that are independent of any state court

proceedings. *Gilbert*, 591 F.3d at 900.

The Plaintiff asserts this Court has jurisdiction by generally invoking Article III of the

Constitution. But the Court cannot discern any independent claims from the Plaintiff's

Complaint—at least not any that give fair notice of what the claim is and the grounds upon

which it rests—that would provide a jurisdictional basis independent of redressing the outcome

of the state court proceedings. "There is no recognized civil cause of action for the failure or

refusal of a party to provide discovery." *Marozsan v. United States*, 849 F. Supp. 617, 645 (N.D.

Ind. 1994). Accordingly, because the Plaintiff's claims are barred under the *Rooker-Feldman*

doctrine, the Court dismisses the claims against Whiteleather.

Even if the Plaintiff's claims were not barred under the *Rooker-Feldman* doctrine, the

Plaintiff's claims are barred under the Indiana Medical Malpractice Act. The Indiana Medical

Malpractice Act provides for the establishment of medical review panels to review proposed

medical malpractice complaints against health care providers. Ind. Code § 34-18-10-1. Each

panel is comprised of four members—three health care providers and one attorney, who serves

as chairman of the panel. Ind. Code § 34-18-10-3(a). The chairman of the panel "expedite[s] the

selection of other panel members, convene[s] the panel, and expedite[s] the panel's review of the

proposed complaint." Ind. Code § 34-18-10-3(c). The chairman may also "establish a reasonable

schedule for submission of evidence to the medical review panel but must allow sufficient time

for the parties to make full and adequate presentation of related facts and authorities." *Id.*

Additionally, the chairman "shall advise the panel relative to any legal question involved in the

review proceeding and shall prepare the opinion of the panel." Ind. Code § 34-18-10-19.

As chairman of the medical review panel, Whiteleather is immune from civil liability for

his actions in the course and scope of his duties under the Medical Malpractice Act, which

provides all panelists with absolute immunity from civil liability for "all communications,

findings, opinions, and conclusions" made in the course and scope of their duties. Ind. Code §

34-18-10-24. In Count Five of his Complaint, the Plaintiff alleges that Whiteleather deprived the

Plaintiff of his rights to discovery and sought to advance the panel proceedings because of the

Plaintiff's race. The Plaintiff's claims against Whiteleather concern communications

Whiteleather made in the scope of his duties as chairman and panelist. All of Whiteleather's

actions fall within the scope of his statutory duties as chairman of the panel. The Plaintiff's

Complaint acknowledges Whiteleather had communications with the Plaintiff and counsel for

Parkview before setting a deadline for evidentiary submissions, and further communications with

the Plaintiff explaining the statutory requirements for the Plaintiff's timely participation in panel

selection. Accordingly, Whiteleather is absolutely immune from the Plaintiff's claims against

him pursuant to the immunity provision of the Indiana Medical Malpractice Act.

Lastly, the Plaintiff's claims are also barred because the Plaintiff has not sufficiently pled

his Complaint.[2] The Plaintiff has brought the Complaint under Title VI, which provides in

relevant part that no person shall, "on the ground of race, color, or national origin, be excluded

from participation in, be denied the benefits of, or be subjected to discrimination under any

program or activity" covered by Title VI. *See* 42 U.S.C. § 2000d. Title VI "prohibits only

intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). To establish the

elements of a prima facie case under Title VI, "a complaining party must demonstrate that [his]

---

[2] Whiteleather also argues that the medical review panel is not a "program or activity" under Title VI, and therefore the Plaintiff did not properly assert a cognizable claim against him. Because the Court is dismissing the Complaint on multiple grounds, the Court declines to address this argument.

race, color, or national origin was the motive for the discriminatory conduct." *C.S. v. Couch*, 843 F. Supp. 2d 894, 915 (N.D. Ind. 2011) (quoting *Thompson v. Bd. of the Special Sch. Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998)).

The Plaintiff alleges that Whiteleather sought to advance the panel proceedings because the Plaintiff is African American and counsel for Parkview is white. The Complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Kolbe & Kolbe Health & Wealthfare Benefit Plan v. Med. Coll. of Wis. Inc.*, 657 F.3d 496, 502 (7th Cir. 2011). But, even with the relaxed standards that apply to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Complaint does not set forth factual allegations that raise the Plaintiff's right to relief above the speculative level. The Plaintiff's allegations that Whiteleather had discriminatory intent when he acted are insufficient. "The complaint needs to allege some facts tending to support a plausible inference" that Parkview acted with a discriminatory intent. *McReynolds v. Merrill Lynch*, 694 F.3d 873, 887 (7th Cir. 2012).

Accordingly, the Court finds that the Plaintiff's claims against Whiteleather are barred because of the *Rooker-Feldman* doctrine, Whiteleather is absolutely immune, and the Complaint does not state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant John Whiteleather, Jr.'s Motion to Dismiss [ECF No. 28].

SO ORDERED on May 17, 2017.

s/ Theresa L. Springmann

CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT